UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No. 8:19-bk-01847-CPM
                                                          Chapter 7
Jason Jeffrey Rockenbach

      Debtor.
_____/

**TRUSTEE'S MOTION TO SELL REAL PROPERTY OF THE ESTATE
WITH CONSENT OF SECURED LENDER**
(Property: 1004 E. Ida Street, Tampa, FL 33603)

**NOTICE OF HEARING**

> A PRELIMINARY HEARING in this case will be held on **DECEMBER 16, 2019 at 1:30 p.m. in Courtroom 8B**, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL, 33602, before the Honorable Catherine Peek McEwen, United States Bankruptcy Judge, to consider this matter and transact such other business that may come before the Court.
>
> 1. The hearing may be continued upon announcement made in open Court without further notice.
> 2. <u>Appropriate Attire.</u> You are reminded that Local Rule 5072-1(b)(16) requires that all persons appearing in Court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.
> 3. <u>Avoid delays at Courthouse security checkpoints</u>. You are reminded that Local Rule 5073-1 **restricts the entry of cellular telephones** and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Due to heightened security procedures, persons must present photo identification to enter the Courthouse.

COMES NOW, Carolyn R. Chaney, Chapter 7 Trustee (the "Trustee") for the above-referenced debtor (the "Debtor"), and hereby files this motion ("Motion") for authority to sell certain real property of the estate and pay liens and encumbrances of record from the proceeds of sale. In support thereof, the Trustee respectfully states as follows:

1

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On March 5, 2019, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Carolyn R. Chaney is the duly appointed and qualified Chapter 7 Trustee. The Trustee held and concluded the 341 meeting of creditors on April 4, 2019.

6. The Debtor scheduled a 100% ownership interest in the real property located at 1004 E. Ida Street, Tampa, FL 33603 (the "Property") and legally described as follows:

> THE SOUTH 90 FEET OF LOT 14, PIERCE SUBDIVISION, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 9, PAGE 70, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

7. The Property is encumbered by a first mortgage lien scheduled at $169,829.00 in favor of U.S. Bank National Association, Successor Trustee to Bank of America, N.A. as Successor to LaSalle Bank, N.A. as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, and outstanding property taxes (the "Secured Creditors").

8. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™, sales analysis report and opinion of value for the Property provided by BK

Global Real Estate Services ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtors' estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

    b. buy the Property from the Debtor's estate if (and only if) no such offer is made;

    c. release the Mortgage(s) and otherwise waive all claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    d. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

9. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first and second mortgage liens on the Property by virtue of a promissory note and mortgage recorded in the Official Records, consisting of principal and interest (the "Secured Creditor Indebtedness").

### RELIEF REQUESTED

10. The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests. As a material

inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this sale to be paid and provide a recovery for the unsecured creditors.

11. The Trustee has received an offer to purchase the Property for $150,000.00 from VIS Group LLC. Any and all lienholders are hereby on notice that if they believe they are receiving less than reasonable value for the release of their liens, an objection to this Motion must be filed with the Court.

12. The Trustee has attached a Settlement Statement that outlines the proposed distribution of the sales proceeds at closing, as Exhibit "A".

## AUTHORITY TO SELL

13. Pursuant to §363(b)(1) of the Bankruptcy Code, a trustee, after notice and a hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to §363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

14. The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result

in a carve-out for the Bankruptcy Estate of $7,500.00. All lien holders have consented to a sale of the property and the Trustee should be authorized to sell the Property and pay liens and encumbrances from the sales proceeds.

15. No allegation contained in this Motion or attachments thereto is intended by the Trustee as an attempt to seek approval of professional fees, trustee fees or costs. Amounts denoted for fees for benefit of creditors in the instant motion or attachments thereto are for reference only. Monies collected by the Trustee shall be deposited in an estate account and will be distributed pursuant to applicable bankruptcy law. Moreover, professional compensation and Trustee compensation shall be sought by separate application to the Court.

16. Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or her professionals. Notwithstanding that the Trustee does seeks authority to execute all documents and instruments she deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) Trustee's Deed, and (b) Order Granting Motion to Sell Real Property.

17. The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statute Sections 201.01 and 201.02; (4) the carve out to the Trustee. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

18. This sale will be undertaken by the buyer in good faith. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

19. The Trustee asserts that the sale of the Property has utilized a competitive and transparent marketplace that facilitated an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

## **CONCLUSION**

The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $150,000.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, to make such disbursements on or after the closing of the sale as are required by the purchase agreement or Order of this Court, including, but not limited to: (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs.

D. Determining that all affected interests have been adjudged and declared to be unconditionally released as to the Property;

E. Determining that the Buyer has not assumed any liabilities of the Debtors;

F. Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code,

G. Waive the 14-day stay pursuant to Rule 6004(h), and

H. Granting the Trustee such other and further relief as is just and proper.

DATED: November 26, 2019.                Respectfully submitted,

/s/ Carolyn R. Chaney, Trustee
Post Office Box 530248
St. Petersburg, FL 33747-0248
Telephone: 727-864-9851
Email: carolyn.chaney@earthlink.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion has been served by U.S. Mail or electronic delivery on November 26, 2019, to:

Office of United States Trustee, USTP.Region21.ECF@USDOJ.GOV

Debtor: Jason Jeffrey Rockenbach, 10126 Somersby Drive, Riverview, FL 33578

Attorney for Debtor: Robert M. Geller, Esquire, 807 W. Azeele Street, Tampa, FL 33606; Email: rmgbk@verizon.net

Harley Davidson Financial, Attn: Bankruptcy, PO Box 22048, Carson City, NV 89721

Mr. Cooper, Attn: Bankruptcy, 8950 Cypress Waters Blvd., Coppell, TX 75019

Lindsay Savastano, Esquire, Counsel for Secured Creditor, 2424 North Federal Highway, Suite 360, Boca Raton, FL 33431; Email: Lsavastano@LOGS.com

Attached Creditor Matrix.

/s/ Carolyn R. Chaney, Trustee

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:19-bk-01847-CPM<br>Middle District of Florida<br>Tampa<br>Tue Nov 26 18:12:25 EST 2019 | Patrick Butler<br>BK Global Real Estate Services<br>1095 Broken Sound Pkwy NW<br>Suite 200<br>Boca Raton, FL 33487-3503 | Jason Jeffrey Rockenbach<br>10126 Somersby Dr<br>Riverview, FL 33578-8329 |
| USAA Federal Savings Bank<br>c/o Weinstein & Riley, P.S.<br>2001 Western Avenue, Suite 400<br>Seattle, WA 98121-3132 | Darla Wright<br>Future Home Realty<br>13029 W Linebaugh Ave.<br>Tampa, FL 33626-4478 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| Amex<br>Correspondence/Bankruptcy<br>Po Box 981540<br>El Paso, TX 79998-1540 | Chase<br>P.O. BOX 9001022<br>LOUISVILLE, KY 40290-1022 | Chase Card Services<br>Correspondence Dept<br>Po Box 15298<br>Wilmington, DE 19850-5298 |
| Citibank/The Home Depot<br>Attn: Recovery/Centralized Bankruptcy<br>Po Box 790034<br>St Louis, MO 63179-0034 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 | Discover Financial<br>Po Box 3025<br>New Albany, OH 43054-3025 |
| Harley Davidson Financial<br>Attn: Bankruptcy<br>Po Box 22048<br>Carson City, NV 89721-2048 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>JPMC<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Mr. Cooper<br>Attn: Bankruptcy<br>8950 Cypress Waters Blvd<br>Coppell, TX 75019-4620 | Scott Modlin, Esquire<br>Modlin Slinsky<br>1551 Sawgrass Corporate Pkwy<br>Suite 110<br>Fort Lauderdale, FL 33323-2832 |
| Synchrony Bank<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | USAA Federal Savings Bank<br>Attn: Bankruptcy<br>10750 Mcdermott Freeway<br>San Antonio, TX 78288-1600 | Carolyn R. Chaney +<br>PO Box 530248<br>St. Petersburg, FL 33747-0248 |
| Robert M Geller +<br>Law Offices of Robert M. Geller, P.A.<br>807 W Azeele Street<br>Tampa, FL 33606-2209 | United States Trustee - TPA7/13 +<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 | Steven G Powrozek +<br>Shapiro, Fishman & Gache<br>4630 Woodland Corporate Blvd<br>Suite 100<br>Tampa, FL 33614-2429 |
| Anthony D Colunga +<br>Weinstein & Riley PS<br>2001 Western Avnue<br>Suite 400<br>Seattle, WA 98121-3132 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

IRS- Special Procedures
SBSE: Insolvency Terr 5
400 W. Bay St  Ste 35045
Stop 5730-GRP 4
Jacksonville, FL 32202-4437

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)U.S. Bank, National Association, Successor        (u)Sedona Lace, LLC                    End of Label Matrix
                                                                                            Mailable recipients   24
                                                                                            Bypassed recipients    2
                                                                                            Total                 26

| American Land Title Association | ALTA Settlement Statement - Cash |
|---|---|
| | Adopted 05-01-2015 |

**Bright Line Title, LLC**
**ALTA Universal ID: 1101418**
**5404 Cypress Center Drive**
**Suite 150**
**Tampa, FL 33609**

| | |
|---|---|
| File No./Escrow No. : | BFL19-68471 |
| Print Date & Time: | November 5, 2019  6:07 pm |
| Officer/Escrow Officer : | |
| Settlement Location : | |
| Property Address: | 1004 E Ida Street<br>Tampa, FL 33603 |
| Buyer: | VIS Group LLC<br>10274 Orchard Hill Lane<br>Twinsburg, OH 44087 |
| Seller: | Carolyn Chaney, BK Trustee for the estate of Jason Rockenbach<br>P.O. Box 530248<br>Saint Petersburg, FL 33747 |
| Settlement Date: | December 06, 2019 |
| Disbursement Date: | December 06, 2019 |

| Seller | | Description | Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| | | **Financial** | | |
| | 150,000.00 | Sale Price of Property | 150,000.00 | |
| | | Deposit | | 1,450.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| 1,400.91 | | County Taxes<br>01/01/19 - 12/06/19 | | 1,400.91 |
| | | | | |
| | | **Title Charges and Escrow/Settlement Charges** | | |
| 1,400.00 | | Settlement/Closing Fee to Bright Line Title, LLC | 850.00 | |
| 250.00 | | Title Search & Exam to Bright Line Title, LLC | | |
| 800.00 | | Owner's Title Insurance to Bright Line Title, LLC<br>  Coverage: 145,000.00<br>  Premium: 800.00 | | |
| | | | | |
| | | **Commissions** | | |
| 6,000.00 | | Listing Agent Commission - Darla Wright to Future Home Realty Inc. | | |

| Seller | | Description | Buyer | |
|---|---|---|---|---|
| **Debit** | **Credit** | | **Debit** | **Credit** |
| | | **Commissions (continued)** | | |
| 3,000.00 | | Selling Agent Commission - Rodger Kooser to Realty Center Internationl | | |
| | | | | |
| | | **Government Recording and Transfer Charges** | | |
| | | Recording Fees to Clerk of Circuit Court | 40.00 | |
| | | Record Motion to Sell Order to Clerk of Circuit Court | 90.50 | |
| 1,050.00 | | State Deed Transfer Tax to Clerk of Circuit Court | | |
| | | | | |
| | | **Payoff(s)** | | |
| 128,382.11 | | Payoff of First Mortgage Loan to First Franklin Financial Corp., an Op. Sub. of MLB<br>   Loan Payoff              0.00<br>      Total Payoff    128,382.11 | | |
| | | | | |
| | | **Miscellaneous** | | |
| 7,500.00 | | Bankruptcy Estate Fee to Carolyn Chaney, BK Trustee for the estate of Jason | | |
| | | Closing Fee to Ocean Title, LLC | 395.00 | |
| 120.00 | | Lien Search Fee to Title Support, LLC | 120.00 | |
| 96.98 | | Utilities Due to City of Tampa Utilties | | |

| Seller | | | Buyer | |
|---|---|---|---|---|
| **Debit** | **Credit** | | **Debit** | **Credit** |
| 150,000.00 | 150,000.00 | **Subtotals** | 151,495.50 | 2,850.91 |
| | | **Due from Buyer** | | 148,644.59 |
| 150,000.00 | 150,000.00 | **Totals** | 151,495.50 | 151,495.50 |

Copyright 2015 American Land Title Association
All rights reserved