ORDERED.

Dated:  December 17, 2019

*Catherine McEwen*
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                        Case No. 8:19-bk-01847-CPM
                                                                    Chapter 7

Jason Jeffrey Rockenbach

       Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR
AUTHORITY TO SELL REAL PROPERTY**
(Property: 1004 E. Ida Street, Tampa, FL  33603)

THIS CASE came on for hearing on December 16, 2019 at 1:30 p.m., to consider the Chapter 7 Trustee's Motion to Sell Real Property of the Estate with Consent of Secured Lender ("Motion"), pursuant to the provisions of 11 U.S.C. §363(b), (f) and (m), Doc. No. 27. Appearances by Carolyn Chaney, Trustee.  The Court reviewed the Motion and the record and found that no response has been filed.  For the reasons stated orally and recorded in open Court, which will constitute the findings of this Court, it is appropriate to grant the Motion.  Accordingly, it is

**ORDERED:**

1.        The Motion to Sell Real Property is GRANTED.

2. The Trustee is authorized to sell the estate's interest in the real property located at:

THE SOUTH 90 FEET OF LOT 14, PIERCE SUBDIVISION, AS PER PLAT THEREOF, RECORDED IN PLAT BOOK 9, PAGE 70, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA

to the Buyer, VIS Group LLC for the purchase price of $150,000.00, and in accordance with the terms and conditions set forth in the HUD-1, made a part of the Motion.

3. The Trustee is authorized to pay costs and expenses of sale as set forth in the HUD.

4. Pursuant to Section 363(b) of the Bankruptcy Code, effective upon closing, the sale of the real property will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the real property, free and clear of all liens, claims or interests.

5. The Buyer has not assumed any liabilities of the Debtor.

6. The Trustee is authorized to execute all documents and instruments reasonable and necessary to close the sale.

7. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to: (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing; and (b) other anticipated closing costs of Prorations/Adjustments, Title Charges and Escrow/Settlement Charges, Government Recording and Transfer Charges, Lender Payoff, Real Estate Brokers Commission of 6%, a carve-out to the Bankruptcy Estate and any other miscellaneous costs of closing.

8. The Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

9.      The Trustee shall close the sale and distribute the funds due to the secured lenders within ninety (90) days from the date of the entry of this Order.

10.     The 14-day stay period provided by Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Trustee Carolyn Chaney is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.